UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| S.B., Parent of a child with a disability,<br><br>　　Plaintiff,<br><br>v.<br><br>IDAHO STATE BOARD OF EDUCATION; IDAHO DEPARTMENT OF EDUCATION,<br><br>　　Defendants. | Case No. 1:25-cv-00183-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants Idaho State Department of Education ("ISDE") and Idaho State Board of Education's ("ISBE") motion to dismiss. Dkt. 7. Plaintiff S.B., Parent of a child with a disability, responded (Dkt. 12) and ISDE and ISBE replied (Dkt. 14).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to dismiss this matter entirely because the case is moot.

## II. BACKGROUND

This case is brought pursuant to 20 U.S.C. § 1415(i)(2)(A), a section of the Individuals with Disabilities Act ("IDEA") which allows civil actions to be brought in federal district court when a party has been aggrieved by a decision made during a due process hearing conducted in accordance with IDEA.

S.B. is the parent of D.H., a disabled individual. D.H. is a high school student that lives and attends school within the Buhl Joint School District (the "District") in Idaho. In 2024, D.H. was trespassed from school and placed on an at home educational plan which S.B. felt denied D.H. his right to Free Adequate Public Education ("FAPE"), as required under IDEA. In order for D.H. to obtain FAPE, S.B. asked the District to provide an independent educational evaluation at public expense so that better accommodations could be provided for D.H. which allowed him FAPE.

Viewing the District's response as unsatisfactory, S.B. brought a complaint pursuant to IDEA (the "IDEA Complaint") against the District and the ISDE which triggered a due process hearing[1] overseen by a third-party hearing officer. During the due process hearing, S.B. and the District reached a settlement agreement disposing of the District as a party to the due process hearing. Subsequently, the ISDE moved to be dismissed as a defendant, and the motion was granted by the hearing officer.

On March 28, 2025, S.B. filed the instant federal lawsuit under IDEA and 20 U.S.C. § 1415(i)(2) as a quasi-appeal of the hearing officer's orders. Dkt. 1. S.B.'s causes of action

---

[1] "Due process hearing" is the term used for the entirety of the proceedings stemming from the IDEA Complaint. It is not limited to the actual hearing itself.

MEMORANDUM DECISION AND ORDER - 2

are styled as "Errors" of the hearing officer's various orders. *Id*. at 10, 12, 13. And S.B.'s prayer for relief asks the Court to "Evaluate" the hearing officer's decisions, declare S.B the prevailing party, and award fees and costs. *Id*. at 16.

ISDE and ISBE have moved to dismiss for various reasons. Dkt. 7.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss claims for lack of subject matter jurisdiction. Fed R. Civ. P. 12(b)(1). The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

"Dismissal for lack of jurisdiction is not warranted to the extent that the complaint pleads facts from which federal jurisdiction clearly may be inferred." *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies. To invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action. This requirement ensures that the Federal Judiciary confines itself

MEMORANDUM DECISION AND ORDER - 3

to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have *direct consequences* on the parties involved." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified).

### IV. DISCUSSION

**A. The Court lacks jurisdiction in this case because there is no live case or controversy for which relief can be granted.**

Congress saw fit to ensure that all students in this country have access to a FAPE when they enacted IDEA. 20 U.S.C. § 1400 *et. seq.* IDEA provides that state and local educational agencies may receive federal funding for taking over the responsibility of providing a FAPE to its students. 20 U.S.C. §§ 1412-13. To ensure that the states are adequately providing a FAPE to its students, IDEA sets up procedural safeguards in 20 U.S.C. § 1415.

For example, under IDEA, there must be "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child . . . ." 20 U.S.C. § 1415(b)(6)(A). Under this section, "the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing . . . ." *Id.* at §1415(f)(1)(A). At the due process hearing, "a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education." *Id.* at §1415(f)(3)(E)(i). Once the hearing has been conducted, "[a]ny party aggrieved by the findings and decision made under subsection (f) . . . shall have the right to bring a civil action with respect to the

complaint presented pursuant to this section, which action may be brought in . . . a district court of the United States . . . ." *Id.* at §1415(i)(2)(A).

In the present case, S.B. originally asked for the District to perform an independent educational evaluation; the District never replied to the request. S.B. then asked for help from the ISDE because the District failed to provide D.H. with a FAPE by trespassing him from school and refusing to work with S.B. to provide an independent educational evaluation.

After receiving no response to this request, S.B. brought a complaint pursuant to IDEA for the purpose of obtaining a FAPE for D.H. The IDEA Complaint named both the District and the ISDE as parties. Approximately five weeks after the IDEA Complaint was filed, S.B. and the District entered a settlement agreement which, it appears from all evidence in the record, adequately addressed the educational needs of D.H.[2] Around the same time, the ISDE filed a Motion to Dismiss for being an improper party and because S.B. failed to state a claim for which relief could be granted. This motion was granted by the hearing officer after arguments were presented by all parties. Nothing in the record provided to the Court suggests that the due process safeguards provided by 20 U.S.C. § 1415 were subverted in this instance.

The granting of the motion to dismiss in the due process hearing is ultimately the

---

[2] The settlement agreement was never made part of the administrative record (Dkt. 1-3, at 4), and S.B. does not allege any deficiencies or dissatisfaction with the settlement agreement in the Complaint. *See* Dkt. 1. Only after the issue of mootness was raised by Defendants ISDE and ISBE did S.B. allege the settlement gave "incomplete relief." Dkt. 7-1, at 10; Dkt. 12, at 12. However, S.B. does no more than state the relief is incomplete and does not provide any suggestion as to why that is or how the relief could be more expansive. *See* Dkt. 12, at 12.

MEMORANDUM DECISION AND ORDER - 5

decision which aggrieved S.B.,³ triggering the civil suit provision in 20 U.S.C. § 1415(i)(2)(A). The main problem with this case, which is correctly identified in ISDE and ISBE's memoranda in support of their Motion to Dismiss, is that there is no further relief that can be granted by the Court that will provide a FAPE to D.H.

The settlement agreement executed between S.B. and the District resolved the educational issues which triggered S.B. to bring the IDEA Complaint in the first place and D.H. is now receiving a FAPE as mandated by IDEA. Therefore, it is difficult to say S.B. was "aggrieved" by the hearing process to the extent she needed to file a federal cause of action when she ultimately received the relief she had sought. *See* 20 U.S.C. §1415(i)(2)(A).

Even if the Court did find in S.B.'s favor and held the hearing officer improperly granted ISDE's motion to dismiss from the due process hearing, S.B. has not indicated what relief ISDE or ISBE would be able to provide because, again, D.H. is receiving a FAPE per the settlement agreement with the District.

Even in S.B.'s current Complaint, the only relief requested is that the Court declare the decisions on the motions in the due process hearing incorrect, declare the ISDE responsible as a State Educational Agency for ensuring a FAPE to all students in Idaho, declare S.B. the prevailing party,⁴ and award attorneys' fees. Dkt. 1, at 16. But these requests have nothing to do with D.H. receiving a FAPE as mandated by the IDEA.

---

³ S.B. does raise grievances about other minor decisions made by the hearing officer prior to the motion to dismiss, but they do not affect the outcome of this decision.
⁴ It is not clear whether S.B. is asking the Court to declare her the prevailing party in this case or in the due process hearing below. Regardless, the Court finds it improper to make such a finding because, as outlined above, there is no active case or controversy.

MEMORANDUM DECISION AND ORDER - 6

Moreover, from the evidence presented by S.B., the due process hearing awarded the procedural due process required under the IDEA.[5] Therefore, S.B. does not have a legally cognizable interest, or personal stake, in the outcome of this action because there is nothing more to adjudicate. The case is moot.

## V. CONCLUSION

After reviewing the briefing and the portions of the administrative record provided by all parties, the Court is satisfied that the procedural due process required under IDEA was afforded to S.B. at the hearing level. Moreover, S.B. has not identified a legally cognizable personal interest in her cause of action and there is no more relief that can or should be granted. Therefore, the ISDE and ISBE's Motion to Dismiss is granted because the case is moot. As it does not appear likely that any amendment could save the claims, the Court will not grant S.B. leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (ruling leave to amend need not be granted if amendment would be futile).

## VI. ORDER

1. The Idaho State Department of Education and the Idaho State Board of Education's Motion to Dismiss (Dkt. 7) is GRANTED with prejudice based on the grounds that the Court lacks jurisdiction due to the case being moot.

---

[5] Even were the Court to independently review the hearing officer's actions—disregarding the mootness problem—it would find no error. The concepts of due process do not mandate a specific result, only that a party has an opportunity to be fairly heard. S.B. clearly had that in this circumstance. She engaged in the process and was afforded adequate due process. Based upon the record, the Court cannot say S.B. was refused any fair process or that the hearing officer's decisions should be subject to reversal. *See U.S. v. Salerno*, 481 U.S. 739, 746 (1987) (explaining that, to plead a substantive due process claim, a plaintiff must allege facts showing the Defendants "engag[ed] in conduct that shocks the conscience or interferes with the implicit concept of ordered liberty") (citation modified).

MEMORANDUM DECISION AND ORDER - 7

2. This case is CLOSED.

DATED: February 18, 2026

_____
David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8