UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| S.B., Parent of a child with a disability,<br><br>     Plaintiff,<br><br>v.<br><br>IDAHO STATE BOARD OF EDUCATION; IDAHO DEPARTMENT OF EDUCATION,<br><br>     Defendants. | Case No. 1:25-cv-00183-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants Idaho State Department of Education ("ISDE") and Idaho State Board of Education's ("ISBE") (collectively the "State Education Defendants") Motion for Attorney Fees Against Counsel. Dkt. 17. Plaintiff's counsel, Kristian Beckett, responded (Dkt. 18), and ISDE and ISBE replied (Dkt. 19).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court DENIES the State Educational Defendants' Motion for Attorney Fees Against Counsel.

## II. BACKGROUND

The underlying controversy for this case was S.B.'s Individuals with Disabilities Education Act ("IDEA") claim which the Court dismissed with prejudice on February, 18,

MEMORANDUM DECISION AND ORDER - 1

2026, and judgment was entered the following day. Dkt. 15; Dkt. 16. The case was dismissed in favor of the State Educational Defendants, making them the prevailing parties here.

The State Educational Defendants believe this case was frivolous, unreasonable, and/or without foundation, and was brought for the improper purpose of raising litigation costs. Additionally, the State Educational Defendants allege that S.B.'s counsel, Kristian Beckett, has a pattern of filing meritless IDEA suits against state actors. *See generally* Dkts. 17, 19.

Based on that belief, the State Educational Defendants filed a motion for attorney's fees specifically against Beckett..

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 54 permits a party to file a motion for attorney fees. It requires that a party "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B).

IDEA allows fee awards to prevailing parties. 20 U.S.C. § 1415(i)(3)(B). That statue provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs" against a parent's legal counsel who files: (1) a complaint or subsequent cause of action that is "frivolous, unreasonable, or without foundation," continues to litigate after the litigation "clearly became frivolous, unreasonable, or without foundation," or (3) files a complaint . . . for an "improper purpose." *Id.*

MEMORANDUM DECISION AND ORDER - 2

## IV. DISCUSSION

"Attorney's fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770 (9th Cir. 1990). And generally, the standard for awarding attorney's fees under IDEA is equivalent to stating the underlying action was "wholly without merit." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). The Court does not find the underlying action meets this high standard here, and so no attorney's fees will be awarded.

The Court does not think this case is as simple as State Educational Defendant's suggest. The Court's prior decision analyzed the parties' arguments for many pages, reflecting the reality that the case was not completely frivolous. Dkt. 15, at 4–7. Moreover, just because a party fails, or is likely to fail, on his or her claims, such does not automatically mean the claims are wholly without merit.

There are also relevant policy reasons for denying attorney's fees in this type of case where the rights of disabled children are at stake. The Court should be reluctant to award attorney's fees against plaintiffs in IDEA cases lest such sanctions result in a chilling effect on the public within the district. If plaintiffs are afraid of attorney's fees, they might not bring suit to enforce their rights if they think they may lose their case.

The Court does, however, take notice of the pattern alleged by the State Educational Defendants of cases filed by plaintiff's counsel for other clients regarding IDEA suits in Idaho. While the Court does not think this alleged pattern is enough to warrant fees at this time, Mr. Beckett should take care to pursue his client's interests zealously, but also reasonably. While here, the claims were not wholly without merit, they were borderline.

MEMORANDUM DECISION AND ORDER - 3

The Court held it lacked jurisdiction because the matter was moot. Dkt. 15, at 7. A similar claim with similar facts in the future that ends the same way may be found without merit, especially after plaintiff's counsel has knowledge that the claim will fail for mootness.

## V. CONCLUSION

Exercising its discretion, the Court determines this case was not wholly without merit. In other words, it was not frivolous, unreasonable, or without foundation, or brought for improper purpose. For that reason, the Court declines to award attorney fees.

## VI. ORDER

1. State Educational Defendants' Motion for Attorney Fee Against Counsel (Dkt. 17) is DENIED.

DATED: May 1, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4